LILA N. DEAN, Claimant and Respondent, v. FIRST TRUST COMPANY OF MONTANA, Employer, and Aetna Casualty and Surety Company, Defendant and Appellant.

No. 11531.
Submitted Feb. 10, 1969.
Decided March 24, 1969.
452 P.2d 81.

Jardine, Stephenson, Blewett & Weaver and Donald Hamilton, Great Falls, John D. Stephenson, Jr. (argued), Great Falls, for appellant.

Hoyt & Bottomly, Great Falls, John C. Hoyt (argued), Great Falls, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the district court directing the Industrial Accident Board, hereinafter referred to as the Board, to award compensation benefits, after the Board had previously found the claim barred by the claimant's failure to give proper notice of the occurrence of the injury.

The claimant, Lila N. Dean, hereinafter referred to as Mrs. Dean, alleged that she tripped and fell over a torn carpet in her place of employment, the First Trust Company of Montana, located in Great Falls. Although two of the Board's forms, the initial claim for benefits and the attending physician's first report refer to the injury as occurring because of tripping over the rug over a period of time, Mrs. Dean, at the Board's hearing and in a later claim for compensation alleged that she was injured when she tripped and fell to her knees in early May of 1966.

Mrs. Dean resigned her employment on July 31, 1966, after being unable to work for a number of days. At the time she terminated her employment with the appellant she wrote the following letter of resignation to Mr. Forrest Henderson her employer:

"Dear Mr. Henderson:

"Please except this as my resignation effective July 31, 1966.

"I want to thank you for being so kind to me and I also want you to know what a nice place the First Trust Company is to work for. I certainly have enjoyed working for you.

"Thank you again.

    "Sincerely yours,
    "/s/ Lila N. Dean
    "Lila N. Dean"

On August 19, 1966 she was examined for the first time for the alleged injury in the office of a chiropracter in Havre, Montana. He referred her to an orthopedic surgeon in Great Falls who performed a spinal fusion in September of 1966. In June of 1967 Mrs. Dean was again operated on, this time

for a disc problem, which the physician testified was possibly caused by repeated tripping over the torn carpet.

The Trust Company and its insurer, Aetna Casualty and Surety Company, contended at the hearing before the Board, that Mrs. Dean was barred from recovery by her failure to comply with section 92-807, R.C.M.1947. The statute requires that written notice be given within sixty (60) days of the occurrence of an injury or that the employer have actual knowledge of the accident and injury. Having failed to give her employer written notice within four months of the alleged injury, as required by law, it became necessary at the time of the hearing for Mrs. Dean to prove that her employer had actual knowledge of her injury. Equitable estoppel was not raised as an issue here.

She testified before the Board that on the day she tripped and fell, she immediately went into the office of Mr. Ray Strand, an employee of the Trust Company, and whom Mrs. Dean considered her supervisor. Her testimony was that she reported the incident and further that Mr. Strand had made temporary repairs to her shoe which had lost its heel when she fell, Mr. Strand testified he did not recall Mrs. Dean ever reporting such an incident; and that if she had, he would have made some kind of notation, which he had not.

As a trier of fact, the board found that the Trust Company had no actual knowledge of the happening of the injury, and held that Mrs. Dean's claim was barred by the statute. Mrs. Dean appealed to the district court, which made other findings, without taking any additional evidence. The court found that the incident was promptly reported to a proper representative of Mrs. Dean's employer, and held that since the Trust Company had actual knowledge of the incident, the claim was not barred by the statute. In addition the district court found that Mrs. Dean did not know the nature of her injury at the time of her fall, and it was not actually discovered until her surgeon confirmed the disc problem dur-

ing the June 1967 procedure. The court went on to say that proper notice was given in November of 1966 within sixty (60) days of the fusion performed the month before. The court then ordered the Board to award compensation benefits.

On appeal to this Court two issues are presented. (1) Whether the district court could properly make the finding that the incident was promptly reported to a representative of the Trust Company; and, (2) Whether the rule announced by this Court in Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819, is applicable to cases arising under the Workmen's Compensation Act. They will be answered in that order.

■ A cause comes to the district court with the presumption that the Board decided correctly. Rom v. Republic Coal Co., 94 Mont. 250, 22 P.2d 161; Radonich v. Anaconda Copper Min. Co., 91 Mont. 437, 8 P.2d 658. The district court on appeal from the Board is not justified in reversing a finding of the Board unless the evidence clearly preponderates against such finding. Rom v. Republic Coal Co., supra, and Morgan v. Butte Central Min. etc. Co., 58 Mont. 633, 194 P. 496.

■ Mrs. Dean would have us hold that the Board's findings and the finding of the district court as to the reporting of the incident to M. Strand are not conflicting. The Board is the trier of fact, and its findings clearly indicate that it chose not to give credence to Mrs. Dean's testimony that Mr. Strand had been informed of the incident. There has been no showing to this Court that the evidence preponderates against the finding of the Board that the employer had no actual knowledge of the occurrence. The district court committed error in finding to the contrary.

By reason of this situation it is not necessary for this Court to determine now whether the so called "discovery doctrine" of the Grey case, supra, is applicable to cases arising under the Workmen's Compensation Act.

The judgment appealed from is reversed and the order of the Board reinstated.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, BONNER and CASTLES concur.