BETTY JOHNSON, Plaintiff and Respondent, *v.* INDUS-
TRIAL ACCIDENT BOARD, Defendant and Appellant.

No. 11908.
Decided April 13, 1971.
483 P.2d 918.

222

L. V. Harris, Helena, argued, for appellant.

Lyman H. Bennett, Jr., Bozeman, argued, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

From a judgment entered in the district court of the Sixth Judicial District, Park County, granting 500 weeks of workmen's compensation benefits to plaintiff, Betty Johnson, an appeal was taken by defendant, Industrial Accident Board.

This cause arose out of a heat stroke suffered by plaintiff on July 5, 1963, while she was folding towels for the Livingston Laundry. Defendant Industrial Accident Board paid medical and hospital benefits and weekly compensation to plaintiff immediately after the accident and continuously thereafter until November 6, 1964. After compensation payments were terminated on that date, plaintiff requested a hearing to review her claim and the Board held a hearing on November 30, 1965. At the hearing the Board determined further medical evidence was needed so depositions were taken from Dr. Allan L. Goulding and Dr. William Harper, physicians who had examined plaintiff.

On July 11, 1966, the Board made findings of fact wherein plaintiff's complaints of double vision, headache, and nausea were found not to be the result of her industrial accident and she was deemed to be sufficiently recovered to return to the

same type of employment she had been previously engaged in. On the same date, the Board made an order denying further benefits.

Plaintiff again petitioned the Board for rehearing which was denied, whereupon plaintiff appealed to the district court.

On the appeal in the district court on February 27, 1970, plaintiff was allowed to introduce medical evidence by her personal physician, Dr. Yokichi Itoh, which had not been presented at any of the hearings conducted by the Board. Counsel for the Board objected to Dr. Itoh's testimony on the ground that good cause was not shown as required by section 92-834, R.C.M.1947, and because it was being offered for the first time in the case. The district court took the objection under advisement and allowed Dr. Itoh to testify he last saw plaintiff in December 1964 and at that time plaintiff complained of double vision.

At the time of the hearing on the appeal in the district court, plaintiff testified her only complaint was double vision out of one corner of her left eye which did not bother her when she looked straight ahead and she had not attempted to obtain employment outside her home because of the double vision difficulty.

Issues on this appeal are: (1) Did the district court err in granting plaintiff 500 weeks of compensation? (2) Should the district court have sustained the objection of the Board's counsel regarding introduction of medical testimony never presented in a hearing before the Board? (3) Should the ruling of the Board have been affirmed and the appeal denied?

Relevant to the first issue, plaintiff alleges her vision is partly impaired as a result of double vision in the corner of her left eye on lateral gaze. If a district court or the Board should find this condition to be a properly compensable claim under the workmen's compensation act, it could be cognizable only under section 92-709, R.C.M.1947, entitled "Compensation in case of specified injuries." This section provides for an

indemnity for total blindness of one eye of 140 weeks of compensation, and for a partial loss of some member such as an eye, the section states:

"Indemnity benefits for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member."

In a similar case, Obie v. Obie Signs, Inc., 143 Mont. 1, 6, 386 P.2d 68, this Court said:

"We construe the legislative intent of this portion of § 92-709 to mean that for a permanent partial loss of use of a member, a board or court may grant as compensation the full amount allowable under this section that would result if the member was permanently lost or a proportionately less amount, but in no event would a board or court grant a greater amount of compensation than that allowed for the loss of the entire member."

Thus, plaintiff's compensation should be limited to 140 weeks of compensation as prescribed for the total loss of an eye or some proportionate amount; the district court clearly erred in allowing plaintiff 500 weeks of compensation.

As to the second issue, section 92-834, R.C.M.1947, permits an appeal to be taken to a district court from an order of the Board, and also provides:

"* * * The court may, upon the hearing, for good cause shown, permit additional evidence to be introduced * * *."

This statute has been interpreted to mean additional evidence could be introduced with good cause shown if an order of the Board was final or if the Board refused to hear the evidence, thereby giving claimant no opportunity to make further proof before the Board. Lind v. Lind, 142 Mont. 211, 218, 383 P.2d 808, Obie v. Obie Signs, Inc., supra.

Here, the district court properly allowed testimony by Dr. Itoh because the Board had made a final determination in the case and denied a rehearing. Since Dr. Itoh was plaintiff's attending physician at the time of the accident, the requirement of

"good cause" exists, because his testimony was of prime relevance regarding plaintiff's injury and should properly be considered in the case. However, Dr. Itoh's last examination of plaintiff was in December 1964, and the district court appeal hearing occurred in February 1970, over 5 years after plaintiff's injury. Thus, Dr. Itoh's testimony should not have been considered with regard to plaintiff's present condition, and her present right to claim workmen's compensation. Rather, Dr. Itoh's testimony should be reconsidered by the Board.

Finally, the scope of a district court's power to reverse an order of the Industrial Accident Board was described in Moffett v. Bozeman Canning Co.,95 Mont. 347, 351, 26 P.2d 973, 974, as:

"The district court on appeal from the board is not justified in reversing a finding of the board unless the evidence clearly preponderates against such finding."

In fact, a ruling by the Industrial Accident Board is presumed to be correct, and in the instant case the only evidence heard by the district court that had not been heard by the Board in the 1965 hearing was the testimony of Dr. Itoh, previously referred to. Therefore, the evidence before the district court clearly did not preponderate against the Board's order of 1966, hence the ruling of the Board should have been affirmed in the district court.

The cause is reversed and remanded to the district court with directions to return the matter to the Industrial Accident Board for its further consideration with regard to the specific injury statute application.

MR. JUSTICES JOHN C. HARRISON, DALY, HASWELL, and CASTLES, concur.