MB. JUSTICE CASTLES
(dissenting) :
I dissent. I would reverse the judgment and order the matter returned to the Workmen’s Compensation Division for findings on the medical testimony.
Dr. Goulding, the independent medical expert relied on by the Division, testified the arteriosclerosis could not have been aggravated by the injury and resultant stress. Dr. Movius, at the hearing before the district court, did not, in my view, testify *29 "to any materially different or new matters. He merely disputed "the other two doctors.
Dr. Goulding was not the defendants’, appellant here, witness. He was the Division’s witness. If the district court considered that Dr. Goulding’s report was improperly received and therefore prejudicial, it should have remanded the matter to the Division so that claimant might have the opportunity of cross-examining Dr. Goulding. That is what I would now order. The majority opinion finds, on the first issue, that the Division erred in basing its decision upon an independent medical report made by a physician appointed by the Division and accompanied' "by denial of the right to cross-examine and rebut.
Absent the Dr. Goulding medical opinion, the district court simply chose the opinion of Dr. Movius as against the conflicting opinion of Dr. Roussalis. Whereas, the Division had chosen the opinion of Dr. Roussalis as bolstered by the independent •opinion of Dr. Goulding. Remand to the Division is the proper remedy because this Court or the district court is otherwise placed in the position of having to pick and choose which of the ■conflicting opinions should be accepted. This is a task properly for the trier of fact and should not be determined on appeal. Remand is a well recognized technique for this situation. See ■Johnson v. Industrial Accident Board, 157 Mont. 221, 225, 483 P.2d 918, 921, where this Court unanimously said:
“Finally, the scope of a district court’s power to reverse an ■order of the Industrial Accident Board was described in Moffet v. Bozeman Canning Co., 95 Mont. 347, 351, 26 P.2d 973, 974, as:
‘ ‘ ‘ The district court on appeal from the board is not justified in reversing a finding of the board unless the evidence clearly preponderates against such finding.’ In fact, a ruling by the Industrial Accident Board is presumed to be correct, and in the instant case the only evidence heard by the district court that had not been heard by the Board in the 1965 hearing was ithe testimony of Dr. Itoh, previously referred to. Therefore, the evidence before the district court clearly did not preponder *30 ate against the Board’s order of 1966 hence the ruling of the Board should have been affirmed in the district court.
“The cause is reversed and remanded to the district court with directions to return the matter to the Industrial Accident Board for its further consideration with regard to the specific injury statute application.”
See also: Dean v. First Trust Company, 152 Mont. 469, 452 P.2d 81.
To the same effect are the three cases cited in the majority opinion, Me Andrews, Bagley, and Rasmussen. The majority opinion walks away from the effects of this line of cases by finding that Dr. Movius’s subsquent testimony was “substantial and convincing”. Thus, this Court has now become the finder of fact in gauging the quality of medical opinion.