No. 88-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

FIRST INTERSTATE BANK OF MISSOULA, N.A.,
(formerly known as First National Montana
Bank of Missoula), Conservator for TINA
LOUISE MALONE, an incapacitated person,

        Claimant and Appellant,

  -vs-

TOM SHERRY TIRE, INCORPORATED, Employer,
      and
EBI COMPANIES/ORION GROUP,

        Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Boone, Karlberg & Haddon; William L Crowley, Missoula,
        Montana

    For Respondent:

        Dzivi & Rebeck; Susan J. Rebeck, Great Falls, Montana

Submitted on Briefs:  Oct. 20, 1988

Decided: December 1, 1988

Filed:

_____
            Clerk

Claimant appeals the Workers' Compensation Court's findings, contending that it is within the court's jurisdiction to review the subrogation issue.

Section 39-71-414(5), MCA, provides:

> If the amount of compensation and other benefits payable under the Workers' Compensation Act have not been fully determined at the time the employee, the employee's heirs or personal representatives, or the insurer have settled in any manner the action as provided for in this section, the division shall determine what proportion of the settlement shall be allocated under subrogation. The division's determination may be appealed to the workers' compensation judge. [Emphasis supplied.]

Carefully scrutinized, the statute shows that the Division is the proper forum for considering an insurer's subrogation rights in specified cases. The requirements are as follows. First, the employee's insurer is required to pay benefits and compensation according to the Workers' Compensation Act. Second, there must be a third-party action between the employee and the third party responsible for the injury. Third, only in those cases where the benefits are not determined at the time the third-party action is settled does the Division resolve the question of subrogation. Generally, once the third-party action has been settled (§ 39-71-414(4), MCA), the insurer is entitled to full subrogation from that settlement, or in the case where the insurer does not participate in the third-party action, it receives 50 percent of the subrogation rights. However, the total amount of the benefits and compensation payable by the insurer must be known to specify the amount of subrogation to which the insurer is entitled. Where the total amount of benefits and compensation are not known, the Montana legislature delegated

4

was made aware of this suit but chose not to participate, thus reducing any subrogation claim it had by 50 percent, according to § 39-71-414(c), MCA.

On July 14, 1987, counsel for claimant and EBI/Orion reached a partial settlement agreement. Employer agreed to pay a total of $97,477.94 for medical expenses. The agreement provided that insurer also pay any additional past medical expenses unless it found something legitimately objectionable. Insurer and conservator agreed that insurer would pay $45,000 in partial disability obligations over a ten-year period and $13,050.80 in attorney fees. Any other future medical expenses resulting from Malone's injuries were reserved. Insurer agreed to pay these future medical expenses unless they were legitimately objectionable. EBI/Orion reserved subrogation rights.

Subsequently, a settlement agreement was reached in the third-party action between claimant and Ronald Gohl, Fisher Enterprises, Inc., Mark Fisher, and United States Fidelity and Guaranty Company. The settlement arranged for claimant to be paid $175,000. The Fourth Judicial District Court approved the settlement on December 28, 1987.

On March 4, 1988, a petition for full and final settlement was filed with the Workers' Compensation Division, between EBI/Orion and Malone.

On December 28, 1987, claimant filed a petition with the Workers' Compensation Court for a hearing to determine subrogation rights. On April 5, 1988, a petition to determine subrogation rights was filed with the Workers' Compensation Division by EBI/Orion. On June 23, 1988, the Workers' Compensation Court stated that determination of subrogation rights was beyond its scope of jurisdiction accorded it by § 39-71-414(5), MCA. It found that the Division was the proper forum.

3

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court of the State of Montana. Claimant and appellant, First Interstate Bank, petitioned the Workers' Compensation Court for a hearing which would determine the subrogation rights of respondent EBI Companies/Orion Group pursuant to § 39-71-414(5), MCA. The court found that the issue was outside the scope of its jurisdiction and that the Workers' Compensation Division is the proper forum for defining the subrogation rights.

We affirm.

The issue to be decided is whether the proper forum for determination of the insurer's subrogation rights is the Workers' Compensation Court or the Workers' Compensation Division.

While Tina Louise Malone was driving across Reserve Street Bridge in Missoula, Montana, on April 2, 1985, her car was struck by a forklift owned and operated by Fisher Enterprises, Inc. It is from that accident that this appeal originates. Malone suffered damage to her brain stem, impairing judgment and her cognitive abilities. For this reason First Interstate Bank acts as conservator.

EBI/Orion denied Malone's claim that her injuries were received in the scope of her employment. On January 29, 1987, the Workers' Compensation Court entered findings of fact, conclusions of law, and judgment finding that the industrial injuries arose out of and were incurred in the course of her employment. EBI/Orion was liable for compensation.

On November 20, 1986, a third-party action had been filed on behalf of Malone against Ronald Gohl, Fisher Enterprises, Inc., and Champ Corporation as defendants. EBI/Orion

2

to the Division the power of determining what proportion of the settlement is to be allocated under subrogation.

In the case on appeal, appellant contends that the amount of compensation and benefits payable was fully determined prior to the time that the third-party action was settled. According to appellant, full compensation and benefits were determined on July 14, 1987, pursuant to a partial settlement agreement. Because no major changes have been made subsequent to that document, settlement was final prior to the third-party settlement of December 28, 1987.

However, the record is clear that the settlement agreement of July 14, 1987, was intended to be only partial settlement of Tina Malone's claims. Therefore, the December 28, 1987, third-party settlement preceded the petition for full and final settlement of workers' compensation benefits filed March 4, 1988. The statute is applicable. It is clear that where the settlement of a third-party action precedes full determination of the workers' compensation claim, the Division is the proper forum for resolving the issue of the proper amount of subrogation allocated to the insurer.

After the Division has addressed the issue, the Workers' Compensation Court can consider an appeal of the subrogation matter. We hold that the workers' compensation judge properly dismissed, for lack of jurisdiction, the petition for hearing on subrogation rights.

_____
Chief Justice

5

We concur:

John Conway Harrison

_[signature]_

L. C. Gulbrandson

John C. Sheehy

William E. Hunt Sr.

R. C. McDonough

Justices