No. 90-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DARRELL D. RAFFETY,

        Claimant and Appellant,

-vs-

KANTA PRODUCTS, INC., Employer, and
STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

APPEAL FROM:    The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               Greg J. Skakles; Johnson, Skakles & Kebe, Anaconda,
               Montana

        For Respondent:

               Thomas E. Martello; Hughes, Kellner, Sullivan &
               Alke, Helena, Montana

FILED

OCT 29 1991

Filed: _____
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   October 10, 1991

Decided:   October 29, 1991

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Claimant Darrell D. Raffety appeals from a judgment of the Workers' Compensation Court issued on October 10, 1990, which found that he was only entitled to 140 weeks of permanent partial disability benefits for injury to one eye, instead of 500 weeks as claimant argued. We affirm.

The sole issue presented for review by the parties is whether the Workers' Compensation Court erred in limiting claimant's award of permanent partial disability benefits for injury to one eye to 140 weeks.

On October 17, 1983, claimant suffered an injury arising out of and in the course of his employment. Claimant was struck in the right eye by a nail while he was nailing sheet metal to a storage shed, resulting in loss of vision in the eye. At the time of claimant's injury, his employer was insured under Plan III of the Workers' Compensation Act. A claim for compensation was filed with insurer, the State Fund, which accepted liability for the injury. Insurer, in addition to paying medical and temporary total disability benefits, paid 140 weeks of permanent partial disability benefits at the rate of $138.50 per week.

On August 31, 1989, claimant petitioned the Workers' Compensation Court for permanent partial disability benefits in excess of the 140 weeks paid by the insurer. This petition was filed after the insurer refused to entertain a petition for benefits in excess of 140 weeks. Claimant contended he was

entitled to 500 weeks of benefits, minus the 140 weeks previously paid by the insurer. Inasmuch as the dispute between the parties involved a question of law only, the matter was submitted to the Workers' Compensation Court on an agreed statement of facts and briefs by the parties. On October 10, 1990, the Workers' Compensation Court issued its decision holding that the statutes governing permanent partial disability benefits were clear and unambiguous and limited the claimant to 140 weeks of benefits. It is from this judgment that claimant appeals.

Both parties stipulated that the present dispute involved only a question of law. In reviewing conclusions of law, this Court will not apply the substantial credible evidence standard used in reviewing factual findings of the Workers' Compensation Court. Concerning this Court's review of conclusions of law by the Workers' Compensation Court we recently stated:

> "In such a case, the appropriate standard of review is simply whether the lower court's interpretation of the law is correct. We are not bound by the lower court's conclusion and remain free to reach our own."

Schaub v. Vita Rich Dairy (1989), 236 Mont. 389, 391, 770 P.2d 522, 523. Additionally, concerning our review of conclusions of law, we have stated:

> The reasoning for simply determining if the court's conclusions are correct is that no discretion is involved when a tribunal arrives at a conclusion of law--the tribunal either correctly or incorrectly applies the law. For that reason, this Court concludes that our standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers' compensation

court, or trial court, is whether the tribunal's interpretation of the law is correct.

Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. The instant case deals with a conclusion of law, and therefore, upon review we will simply determine whether the conclusion was or was not correct.

At issue in this case is the Workers' Compensation Court's interpretation of §§ 39-71-703 and -705 MCA, (1983), concerning compensation for injuries causing partial disability. Section 39-71-703, MCA, has undergone significant modification in virtually every legislative session since 1983, and § 39-71-705, MCA, has been repealed. However, it is well-settled that the law existing at the time of the injury governs. Watson v. Seekins (1988), 234 Mont. 309, 312, 763 P.2d 328, 331. Claimant's injury occurred in 1983. Section 39-71-703, MCA (1983), reads as follows:

> (1) Weekly compensation benefits for injury producing partial disability shall be 66 2/3% of the actual diminution in the worker's earning capacity measured in dollars, subject to a maximum weekly compensation of one-half the state's average weekly wage.
> (2) The compensation shall be paid during the period of disability, not exceeding, however, 500 weeks in cases of partial disability. <u>However, compensation for partial disability resulting from the loss of or injury to any member shall not be payable for a greater number of weeks than is specified in 39-71-705 for the loss of the member</u>. [Emphasis added.]

Section 39-71-705, MCA (1983), contains a schedule of injuries to various members of the body and a corresponding maximum duration of compensation available for each such injury and reads, in part, as follows:

4

(1) In addition to temporary total disability benefits allowed in this chapter, indemnity benefits for loss of a member shall be paid at the weekly rate provided in 39-71-703 and shall be paid for the following periods:

. . . .

Total blindness of one eye.............140 weeks . . . .

Claimant points out that at the time of injury § 39-71-104, MCA (1983), mandated that the Worker's Compensation Act be liberally interpreted. We construed this section to require that when a statute in the Act "is open to more than one interpretation, one favorable to the employee and the other against him, we must give it the construction most favorable to the injured workman . . . ." Geary v. Anaconda Copper Mining Co. (1947), 120 Mont. 485, 489, 188 P.2d 185, 186. The claimant contends that the statutes in question may be interpreted as allowing for 500 weeks of permanent partial disability benefits for the loss of an eye. We disagree. The Workers' Compensation Court was correct in determining that the statutes in question are clear and unambiguous on this point.

Section 39-71-703, MCA, provides that compensation for partial disability "shall not be payable for a greater number of weeks than is specified in 39-71-705 . . . ." Section 705 unambiguously sets the maximum period for permanent partial benefits for loss of an eye at 140 weeks. The decision of the Workers' Compensation Court that the statute clearly precludes compensation in excess of 140 weeks for the loss of an eye is correct. Additionally, the

interpretation of the statute by the Workers' Compensation Court is in accordance with the existing case law construing these statutes. In a case very similar to the present controversy, this Court held that for the loss of vision to one eye an injured worker is limited to 140 weeks of permanent partial disability benefits. Johnson v. Industrial Accident Board (1971), 157 Mont. 221, 483 P.2d 918. In Johnson, as here, the injured worker alleged he was entitled to 500 weeks of permanent partial benefits. The Court in Johnson held that the legislative intent was clear that an injured worker was limited to the maximum number of weeks of benefits as was indicated by the statutory schedule of injuries. This Court has consistently held that an individual with a scheduled injury is limited to the benefits set out in the schedule. Walter v. Public Auction Yards (1979), 181 Mont. 109, 592 P.2d 497. As we explained in McDanold v. B.N. Transport, Inc. (1984), 208 Mont. 470, 477, 679 P.2d 1188, 1192:

> The 500-week limit is simply a statutory maximum period for such compensation. The Legislature has further limited this *period* of disability to the number of benefit weeks for the comparable schedule injury under sections 39-71-705-708, MCA, but only when the injury is specifically listed in the schedule.

Claimant presents two arguments in support of his contention that the above-mentioned cases were decided incorrectly by this Court. First, claimant argues that our later decisions concerning this issue are inconsistent with our prior opinion in Spieth v. Stuart (1956), 130 Mont. 216, 299 P.2d 106. In Spieth, we upheld

6

the award of 500 weeks of permanent partial disability benefits for a scheduled injury. The insurer argued that the injured worker should be limited to 37 weeks as provided in the schedule. Spieth is not persuasive authority for claimant in the present case in that the statute in effect at the time of Spieth is dramatically different than the statute before us now. The statute interpreted in Spieth limited scheduled injuries to a particular dollar amount of compensation, but did not limit the scheduled injuries as to duration of compensation, as does the statute in question here. Had the last sentence of § 39-71-703(2), MCA (1983), been in effect at the time of Spieth, the opposite result would have been reached.

Claimant's second argument in support of his contention that this Court has misinterpreted §§ 39-71-703 and -705, MCA, in the past is, in essence, an argument that the sections, as enacted, were neither fair nor wise. Further, claimant points out that other jurisdictions have not relied exclusively on such injury schedules for determining the duration of compensation benefits. Claimant argues forcefully that the statutes should have provided an option for injured workers to receive compensation for permanent partial disability based on impairment of earning capacity. It is argued that this would result in a fairer determination of the appropriate duration of compensation benefits than would relying on an arbitrary schedule of injuries and their corresponding benefits. Claimant's policy argument may or may not be correct, but in any event, this Court will not substitute its judgment for that of the

7

legislature. The legislature adopted the statutes and they are clear and unambiguous.

> [I]t is the province of courts to construe and apply the law as they find it and to maintain its integrity as it has been written by a coordinate branch of the state government. When the terms of the statute are plain, unambiguous, direct and certain, it speaks for itself and there is no room for construction.

Bay v. Department of Administration (1984), 212 Mont. 258, 265, 688 P.2d 1, 4.

Finally, claimant argues that an eye is not generally understood to be a "member" and therefore the second sentence of § 39-71-703(2), MCA (1983), does not apply. Regardless of the various conflicting definitions of what constitutes a "member," it is obvious that loss of an eye is a scheduled injury as set out in § 39-71-705, MCA (1983).

The decision of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

8