No. 92-305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

ELAINE S. WILDIN,

      Claimant and Respondent,

-v-

CNA INSURANCE COMPANY,

      Insurer and Appellant.

---

APPEAL FROM:    The Workers' Compensation Court
                 The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Todd A. Hammer, Warden, Christiansen, Johnson &
            Berg, Kalispell, Montana

      For Respondent:

            Victor R. Halverson, Halverson, Sheehy & Plath,
            Billings, Montana; James G. Edmiston, Billings,
            Montana; L. Randall Bishop, Jarussi & Bishop,
            Billings, Montana

---

**FILED**

Filed: FEB 4 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 22, 1992
            Decided:  February 4, 1993

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court order affirming a Department of Labor and Industry (DOLI) hearing examiner's allocation of a settlement between the Claimant and State Farm Insurance. We affirm.

There are two issues on appeal:

1. Did the DOLI have jurisdiction over this matter?

2. Did the DOLI err in allocating the money from the settlement between the Claimant and State Farm?

Elaine Wildin (Claimant) was injured in a rear end collision with another motor vehicle while in the course and scope of her employment. CNA Insurance Company (CNA) insured Claimant's employer, the Billings Gazette, with workers' compensation coverage. State Farm Fire and Casualty Company (State Farm) insured the driver of the vehicle which hit Claimant. CNA paid to the Claimant medical and disability benefits of over $35,000 after accepting liability for the payments.

Shortly thereafter, Claimant filed a civil action against State Farm's insured and contacted CNA to determine if they would join the action. Claimant's attorney never received an answer regarding CNA's participation in the action. In July 1989, the Claimant and State Farm agreed on a settlement of $15,000 in exchange for a full release and discharge of the claims in the third party action. Drafts and the release were forwarded. CNA would not agree with the terms of settlement and took the position that $15,000 was insufficient considering the overall amount of

2

workers' compensation benefits already paid.

Claimant then filed a "Petition for Division Order Determining Subrogation" to allocate the settlement funds. CNA responded to the petition stating that the settlement payment was inadequate. The DOLI concluded that it had jurisdiction over the allocation determination and that CNA should receive $6,666.67 and Claimant should receive $3,333.33 after a $5,000 deduction for attorney's fees. CNA appealed to the Workers' Compensation Court which affirmed the hearing examiner. CNA now appeals to the Montana Supreme Court.

Our standard of review as to findings of fact, made by the Workers' Compensation Court, is whether they are supported by substantial evidence. McIntyre v. Glen Lake Irr. Dist. (1991), 249 Mont. 63, 67, 813 P.2d 451, 454. "[O]ur standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers' compensation court, or trial court, is whether the tribunal's interpretation of the law is correct." Steer Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.

The first question on appeal is whether the DOLI had jurisdiction to allocate the funds from the settlement between the Claimant and State Farm. The jurisdiction question actually hinges upon whether State Farm and the Claimant had actually settled the claim and whether the Claimant could settle the claim without CNA's consent.

Section 39-71-412, MCA, provides that: ". . . the employee

3

. . . shall, in addition to the right to receive compensation under this chapter, have a right to prosecute any cause of action he may have for damages against such persons or corporations." The statute provides that the right to bring a cause of action against the third party belongs to the claimant alone. There is no provision which mandates the insurer's consent before the action can be brought. The "[f]unction of the Supreme Court when construing a statute is simply to ascertain and declare what is in substance stated therein, and not to insert what has been omitted or to omit what has been inserted." Mont. Dept. of Rev. v. Am. Smelting & Refining (1977), 173 Mont. 316, 324, 567 P.2d 901, 905-906. Here, CNA would have us insert language to provide that the insurer also controls the handling of the action. The right to bring an action would be meaningless without the right to also dispose of the action through settlement or other means.

Moreover, § 39-71-414, MCA, provides for the insurer's role in the action. It provides that the insurer is entitled to subrogation for compensation and benefits paid. If the claimant brings an action against the third party, claimant is to inform the insurer, who may decide to participate in the action. It also states that the insurer may bring an action itself if the claimant does not bring an action within a year of the date of the injury and that the insurer may enter its own settlement for subrogation. The statute provides for no more than these rights. The insured may settle an action without the consent of the insurer. If the legislature wanted the insurer to exercise such control over the

4

insured, they would have so stated.

The question of whether the Claimant and State Farm had settled their claim before the Claimant petitioned the DOLI to allocate the proceeds of the settlement is answered in the affirmative. Subsection (5) of § 39-71-414, MCA, states that: "[i]f the amount of compensation and other benefits payable have not been fully determined at the time the employee, . . . have settled in any manner the action as provided for in this section, the division shall determine what proportion of the settlement shall be allocated under subrogation. . . ." (Emphasis added.) In this case, the Claimant and third party (State Farm) fulfilled this requirement before the Claimant petitioned for the allocation of the settlement funds.

Claimant's attorney informed the CNA Claims Adjuster in charge of Claimant's workers' compensation case, that he had received a settlement draft for $15,000. CNA took the position that $15,000 was inadequate compensation considering the payments and benefits already paid. The Claimant thereafter filed a petition with the DOLI Workers' Compensation Division for an allocation of the settlement funds.

As far as the Claimant and State Farm were concerned, there was total agreement on the third party settlement. This is sufficient to meet the § 39-71-414(5), MCA, requirement that the action be "settled in any manner" before the DOLI could allocate the settlement funds.

CNA argues that the case should not have been settled because

5

the Claimant had not arrived at maximum healing before she settled her claim with State Farm. There is no provision in § 39-71-414, MCA, which mandates that a third party action cannot be settled until the claimant reaches maximum healing.

Subsection (5) of § 39-71-414, MCA, contemplates that compensation and other benefits may not be completely decided when the claim is settled and the Division is asked to allocate the funds. Subsection (5) states that "[i]f the amount of compensation and other benefits payable under the Workers' Compensation Act have not been fully determined at the time the employee,...have settled in any manner the action . . . , the division shall determine what proportion of the settlement shall be allocated under subrogation." (Emphasis added.)

This Court stated in First Interstate Bank v. Tom Sherry Tire (1988), 235 Mont. 48, 52, 764 P.2d 1287, 1289, that "where the settlement of a third-party action precedes full determination of the workers' compensation claim, the Division is the proper forum for resolving the issue of the proper amount of subrogation allocated to the insurer." Maximum healing does not have to occur before a claimant can settle her claim.

Finally, CNA argues that the hearing examiner and the lower court ignored principles of equity and fairness in their disposition of this case. However, this Court has stated that "[i]t has always been our rule that it is the province of courts to construe and apply the law as they find it and to maintain its integrity as it has been written by a coordinate branch of the

6

state government. When the terms of the statute are plain, unambiguous, direct and certain, it speaks for itself and there is no room for construction." Bay v. State, Dept. of Admin. (1984), 212 Mont. 258, 265, 688 P.2d 1, 4.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

February 4, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Todd A. Hammer
WARDEN, CHRISTIANSEN, JOHNSON & BERG
P.O. Box 3038
Kalispell, MT  59903-3038

L. Randall Bishop
Attorney at Law
P.O. Box 3353
Billings, MT 59103-3353

James G. Edmiston
Attorney at Law
P.O. Box 7187
Billings, MT  59104-7187

Victor R. Halverson
Halverson, Sheehy, and Plath
P. O. Box 1817
Billings, MT  59103-1817


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:＿＿＿＿＿＿＿＿＿＿＿
   Deputy