JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on all issues except that involving the award of attorney fees pursuant to the common fund doctrine. I respectfully dissent from the opinion on that issue.
There is no question but that we have recognized and applied the common fund doctrine, which is based on equitable concepts. Means, 625 P.2d at 37.1 agree with the doctrine and support its application under appropriate circumstances. I cannot agree with its application in this case for two reasons: first, it is my view that neither the Workers’ Compensation Court or this Court is authorized to award such fees in the context of the purely statutory workers’ compensation *227 system which exists in Montana; and, second, the common fund doctrine is not applicable here in any event.
The Workers’ Compensation Act (Act) is a purely statutory scheme, duly enacted by the Legislature, which governs all aspects of workers’ compensation claims and awards. The extent of compensation which may be awarded for various types of disabilities is controlled by statute. See, e.g., §§ 39-71-701 through 39-71-703, MCA. In a similar fashion, the Act expressly regulates attorney fees and goes so far as to require an attorney representing a workers’ compensation claimant to submit his or her employment contract, setting forth the terms of the fee arrangement, to the Department of Labor and Industry (Department). See, e.g., §§ 39-71-611 through 39-71-614, MCA. In light of these circumstances, the Workers’ Compensation Court correctly concluded that it was without authority to create a separate equitable remedy under the Act regarding attorney fees.
Indeed, one of the United States Supreme Court’s decisions on which this Court relies in concluding that the common fund doctrine is applicable here reaches a contrary result under circumstances much like those presently before us. Fleischmann involved a claim for trademark violation under the federal Lanham Act and the Supreme Court considered the issue of whether federal courts could award attorney fees as a separate element of recovery in light of the Act’s enumeration of available remedies. The Supreme Court discussed the common fund doctrine as an exception to the “American rule” which allows an award of attorney fees only where expressly permitted by statute or contract, but observed that the doctrine had not been developed in the context of statutory causes of action which prescribe statutory remedies. The Supreme Court stated that, “[w]hen a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied.” Fleischmann, 386 U.S. at 720, 87 S.Ct. at 1408 (citations omitted). Consequently, the Supreme Court was compelled to conclude “that Congress intended § 35 of the Lanham Act to mark the boundaries of the power to award monetary relief in cases arising under the Act. A judicially created compensatory remedy in addition to the express statutory remedies is inappropriate in this context.”Fleischmann, 386 U.S. at 721, 87 S.Ct. at 1409.
In my opinion, we must reach the same result here. The Workers’ Compensation Act is a statutory system providing for a statutory cause of action and statutorily-prescribed remedies, including attorney fees. No portion of the Act authorizes the attorney fees sought *228 here pursuant to the common fund doctrine and we are not free to judicially engraft equitable remedies such as this onto the Act. We have stated on prior occasions, in rejecting “equity and fairness” arguments by both claimants and insurers in the context of the Act, that it is the province of the courts to construe and apply the law as we find it and to maintain its integrity as it was written by a coordinate branch of state government. See Wildin v. CNA Ins. Co. (1993), 256 Mont. 354, 358, 846 P.2d 1022, 1025; Raffety v. Kanta Products, Inc. (1991), 250 Mont. 268, 272, 819 P.2d 1272, 1275. Doing so here requires us to affirm the Workers’ Compensation Court’s conclusion that the common fund doctrine for awarding attorney fees is not available in the context of the Act.
It is also my view that, even if the equitable remedy were not precluded by the Act, it is unavailable here. As set forth by the Court, the common fund doctrine recognized by the United States Supreme Court provides that “when a party has an interest in a fund in common with others and incurs legal fees in order to establish... that fund, then that party is entitled to reimbursement of his or her reasonable attorney fees from the proceeds of the fund itself.” Similarly, as recognized by this Court in Means, the doctrine is employed to spread the cost of litigation among all beneficiaries so that “the active beneficiary is not forced the bear the burden alone. ...” Means, 625 P.2d at 37.1 submit that these requirements are not met in this case.
In the first place, it is my view that there is no common fund here. While Murer II undoubtedly created an entitlement in numerous individual nonparty claimants to additional benefits, no “fund” was set aside for the payment of such benefits, either in the course of this litigation or otherwise. The common fund cases, while not defining precisely what is required to constitute a “common fund,” each involve a settlement fund, a judgment fund, or a trust fund of some sort. This case does not.
Moreover, the common fund cases commonly involve other beneficiaries who also are parties in the litigation at issue or, at the least, in related litigation. Here, efforts to certify this litigation as a class action were unsuccessful and the individuals who are receiving additional benefits as a result of Murer II have never been parties to this case. Yet the Court cites to no case under which nonparty beneficiaries have been required to pay a portion of attorney fees under the common fund doctrine.
Finally, while the common fund doctrine is properly applied in certain circumstances to avoid forcing the active party to bear the *229 burden of the attorney fees incurred, those circumstances are not present in this case. The party claimants here are not required by their fee arrangements with counsel to bear the burden of fees in excess of those relating to their own claims; the fee contracts generally provide that the client claimants are responsible only for the standard 20%/25%. Thus, the fees for which “reimbursement” is being sought here are not fees incurred by these claimants such as would support application of the common fund doctrine under the federal cases cited by the Court. They are additional and extraordinary fees sought by the attorneys who represented the named claimants in this case. Similarly, the party claimants are not being forced to bear the burden of attorney fees for the nonparty beneficiaries. That burden ultimately will fall on counsel and, in my view, that is as it should be.
Counsel here submitted their fee agreements with the party claimants to the Department as required by § 39-71-613, MCA. These are the fees they sought in their pleadings, pursuant to applicable statutes, through the first two appeals to this Court in this litigation. In the framework of the Act, those are the only fees to which counsel are entitled.
Subsequent to Murer II, and on remand to the Workers’ Compensation Court, counsel first asserted a claim to fees under the common fund doctrine. At that point, it became clear that counsel had had an early understanding with their claimant clients to seek fees in addition to those obtainable pursuant to the submitted fee agreements. They had planned to be able to do so through the class action mechanism; as noted above, however, efforts to obtain class certification were not successful. An affidavit of record from one counsel repeatedly states that “but for” the “expectation” that the fees would be compensated under the common fund doctrine, counsel would not have been able to afford to pursue the litigation to its successful conclusion, since the amounts to which the party claimants ultimately would be entitled would be small.
While I sympathize with counsel’s substantial investment of time in this litigation, and applaud their success on behalf of their clients and the benefits their work is providing to numerous nonparties, I am unpersuaded that we should “bend” the common fund doctrine to award them fees under a doctrine intended to protect the parties to a suit where, as here, the parties require no protection. Many legal actions involve risk to counsel of fee awards which are not commensurate with the amount of work performed. Indeed, it is fair to say that many counsel “give it their all” to the same extent these counsel *230 have done and are altogether unsuccessful, both as to their clients’ recovery and their own. We do not have a system, however, under which counsel are then remunerated based on their “expectations.” We should not create one here.
I would affirm the Workers’ Compensation Court’s denial of attorney fees under the common fund doctrine.